UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
: 
In re: : Chapter 15
:
THE TALL GIRL SHOP LTD., : Case No. 09-15906 (SMB)
:
    Debtor in a Foreign Proceeding. :
:
------------------------------------------------------------------------x

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

A hearing having been held before the Court on October 22, 2009 (the "Hearing") in the above-captioned matter (the "Case") to consider the petition commencing this chapter 15 case and seeking recognition as a "foreign main proceeding" and other relief in aid of the foreign proceeding, pursuant to 11 U.S.C. §§ 1504 and 1515, by A. Farber & Partners Inc. ("A. Farber" or the "Trustee"), in its capacity as a person or body appointed by the Superior Court of Justice of the Province of Ontario, District of Toronto (Commercial Division) (the "Canadian Court") under Case No. 32-1255353 (the "Canadian Proceeding") pursuant to Canada's Bankruptcy and Insolvency Act, Statutes of Canada, 1992, chapter 27 (the "BIA") to act as proposal trustee and interim receiver of the Canadian corporation The Tall Girl Shop Ltd. ("Tall Girl" or the "Debtor"), by its special United States counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, and due and timely notice of the filing of the chapter 15 petition and the Hearing having been given pursuant to an order of this Court, dated October 6, 2009, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given; and the Court having considered and reviewed all pleadings and exhibits submitted by the Trustee in support of the chapter 15 petition (collectively the "Supporting Documents"); and no objection or other

6623485v1

response having been filed thereto that have not been overruled or withdrawn or otherwise resolved; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

1. The Trustee has demonstrated that:

    (a) the Debtor is subject to a pending foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code;

    (b) the Debtor is subject to a pending foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

    (c) the Trustee is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code;

    (d) the Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

    (e) the Chapter 15 petition satisfied the requirements of section 1515 of the Bankruptcy Code.

2. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Canadian Proceeding respecting the Debtor under the BIA pending before the Canadian Court is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the Canadian Proceeding respecting the Debtor under the BIA pending before the Canadian Court is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that this Order shall be served upon all known creditors (or their counsel) of the Debtor with addresses in the United States by electronic mail or by facsimile transmission, if available, or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first-class postage prepaid or overnight delivery service, on or before October 23, 2009; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the chapter 15 petition and the Supporting Documents shall be made available with the Court Clerk, also electronically to registered court filing system users and will be made available by the Trustee upon request at the offices of Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: Timothy A. Barnes, Esq.).

Dated: New York, New York
      October 23, 2009

/s/ *Stuart M. Bernstein*
UNITED STATES BANKRUPTCY JUDGE